UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------x

GABEBA BADEROON,

              Plaintiff,

-against-

UNITED AIRLINES, INC.; DEUTSCHE
LUFTHANSA AG, INC.

              Defendant.

COMPLAINT &
JURY TRIAL DEMAND

-------------------------------------------------------------x

Plaintiff Gabeba Baderoon files this complaint for damages against Defendants United Airlines, Inc. ("United") and Deutsche Lufthansa AG, Inc. ("Lufthansa").

## PRELIMINARY STATEMENT

1. Plaintiff was severely injured as a result of an accident on board United Airlines Flight 9587 while en route to State College, Pennsylvania. from Cape Town, South Africa, on June 4, 2018. She brings this claim under the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

## PARTIES, JURISDICTION & VENUE

2. Plaintiff Gabeba Baderoon is a citizen of Pennsylvania. Her primary residence is in State College, Pennsylvania.

3. Defendant United Airlines, Inc. is a Delaware corporation with a principal place of business is in Illinois, at 233 S. Wacker Drive Chicago, IL 60606.

4. Defendant Deutsche Lufthansa AG, Inc. is a German corporation with a principal place of business is in Germany. Lufthansa is registered to do business in Illinois and has a registered agent located at 208 So LaSalle St., Suite 814 Chicago, Illinois 60604.

5. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because the Montreal Convention, a treaty ratified by the United States, governs her claims.

6. Plaintiff was severely injured as a result of an "accident," pursuant to the Convention, because an object fell from the baggage compartment and struck Plaintiff in the head, causing her to suffer a traumatic brain injury and other injuries.

7. The accident and injuries occurred on board UA9587, which was the first leg of a return round trip between Cape Town, South Africa and State College, Pennsylvania. Lufthansa operated UA9587 pursuant to a code sharing agreement with United, the contracting carrier.

8. South Africa and the United States both adhere to the Montreal Convention.

9. Subject matter jurisdiction is proper in the Northern District Illinois under the Convention because United's principal place of business is in Chicago, Illinois, and United and Lufthansa entered into the contract for carriage with Plaintiff from Illinois.

10. This Court has personal jurisdiction over United because United's principal place of business is in Chicago, Illinois, and United entered into the contract for carriage with Plaintiff from Illinois.

11. This Court has personal jurisdiction over Lufthansa because Lufthansa purposely availed itself of the privilege of doing business in Illinois and Plaintiff's claims both arise from and relate to those in-state contacts. Lufthansa entered into a contractual "code-sharing" agreement with United in Illinois whereby Lufthansa would provide carriage on certain flights to United customers and/or whereby United would sell Lufthansa flight to American passengers as an agent for Lufthansa. Plaintiff's injuries occurred on a Lufthansa flight sold pursuant to the described contractual agreement between United and Lufthansa, which was entered into with United in Illinois, where the ticket was also sold from. Personal jurisdiction is also proper over

Case: 1:20-cv-02938 Document #: 1 Filed: 05/18/20 Page 3 of 5 PageID #:3

Lufthansa because Lufthansa is registered to do business in Illinois and has a registered agent located at 208 So LaSalle St., Suite 814 Chicago, Illinois, 60604, and has therefore purposely availed itself of the privilege of doing business in Illinois and consented to jurisdiction in Illinois.

12. Venue is proper in the Northern District of Illinois because United's headquarters is in Chicago.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates all prior allegations in this complaint.

14. On June 4, 2018, Plaintiff was seated on board United Flight 9587 when a hard, heavy object from the baggage compartment above her unexpectedly fell and struck her on the head after another passenger opened the compartment, causing her a severe and permanent brain injury.

15. In the course of the flight, Defendants United and Lufthansa, and their respective agents and employees:

   a. Failed to appropriately ensure that items in the aircraft's luggage compartment were properly stowed;

   b. Failed to prevent items stowed in the aircraft's luggage compartment from falling and hitting Plaintiff;

   c. Failed to prevent passengers from opening baggage compartments mid-flight;

   d. Failed to institute appropriate procedures to prevent Plaintiff's injuries;

   e. Failed to render necessary medical aid to Plaintiff;

   f. Otherwise failed to ensure the safety of Plaintiff during the flight in ways that will be proven during the course of discovery and at trial.

16. As a result of the aforementioned events, acts and omissions, Plaintiff suffered severe and permanent injuries, including a traumatic brain injury.

## COUNT 1: MONTREAL CONVENTION DAMAGES

17. Plaintiff incorporates all prior allegations of this Complaint.

18. Because Plaintiff suffered injuries as a result of an accident in the course of international carriage by aircraft between two countries that are State Parties to the Montreal Convention, she is entitled to all available damages under the Montreal Convention, including Article 17 and Article 21.

19. Plaintiff is entitled to damages in excess of the Montreal Convention jurisdictional limits under Article 21 of the Convention because Plaintiff's injuries were caused by the wrongful acts and omissions of Defendants, in that they:

    a. Failed to appropriately ensure that items in the aircraft's luggage compartment were properly stowed;

    b. Failed to prevent items stowed in the aircraft's luggage compartment from falling and hitting Plaintiff;

    c. Failed to prevent passengers from opening baggage compartments mid-flight;

    d. Failed to institute appropriate procedures to prevent Plaintiff's injuries;

    e. Failed to render necessary medical aid to Plaintiff;

    f. Otherwise failed to ensure the safety of Plaintiff during the flight in ways that will be proven during the course of discovery and at trial.

20. As a result of the aforementioned events and acts and omissions, Defendants caused and contributed to Plaintiff's injuries. Therefore, Plaintiff is entitled to all available damages under

Article 21 of the Montreal Convention.

## DEMAND FOR JUDGMENT

21. Plaintiff hereby demands judgment against Defendants in an amount to be determined at trial, together with interest, costs and disbursements of this action and all other legally available relief and remedies.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 18, 2020

Respectfully Submitted by:

/s/ Brian LaCien
One of the attorneys for the Plaintiff

**KREINDLER & KREINDLER LLP**

Kevin Mahoney (pro hac vice application to be submitted)
KMahoney@kreindler.com
Erin Applebaum (pro hac vice application to be submitted)
Eapplebaum@kreindler.com
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel. (212) 687-8181

**SMITH LACIEN, LLP**

Todd A. Smith
tsmith@smithlacien.com
Brian LaCien
blacien@smithlacien.com
Andrew Mason
amason@smithlacien.com
70 W. Madison, Suite 5770
Chicago, IL 60602
312-509-8900

*Attorneys for Plaintiff*